UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | September 12, 2025 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2023-cr-149 |
| CASE NAME: | United States of America v. Precious Cruse |
| NATURE OF HEARING: | Jury Trial – Day 5 |
| APPEARANCES: | Julie Stewart – Attorney for the government |
| | Kate Biebel – Attorney for the government |
| | Brian Fahl – Attorney for the defendant |
| | Precious Cruse – Defendant |
| COURTROOM DEPUTY: | Justin Dreikosen |
| COURT REPORTER: | Thomas Malkiewicz |
| TIME: | 8:59 a.m. – 2:50 p.m. |
| HEARING: | January 20, 2026 at 1:30 p.m. (Sentencing) |

**AUDIO OF THIS HEARING AT DKT. NO. 62**

In response to the court's inquiry as to whether the defendant had any motions, defense counsel stated that he would renew his Rule 29 motion after the verdict. The parties reviewed the court's final drafts of the jury instructions and verdict form. Neither party objected.

Defense counsel declined the opportunity to conduct re-direct of the defendant.

The defense rested. The government declined to present any rebuttal case.

The court instructed the jury.

The government presented a closing argument.

The defense presented a closing argument.

The government presented a rebuttal argument.

The court dismissed the one alternate juror.

The courtroom deputy swore in the bailiff.

The jury retired to the deliberation room.

1

At approximately 2:20 p.m., the jury notified the bailiff that it had reached a verdict. The court brought the jury back into the courtroom and the foreperson provided the court with the verdict form. The court reviewed the verdict form, then read the verdict aloud.

Count One, healthcare fraud related to C.S. : Guilty

Count Two, healthcare fraud related to D.B. : Guilty

Count Three, healthcare fraud related to K.D. : Guilty

Count Four, healthcare fraud related to M.H. : Guilty

Count Five, healthcare fraud related to J.L. : Guilty

Count Six, healthcare fraud related to A.B. : Guilty

Count Seven, healthcare fraud related to T.I. : Guilty

Count Eight, healthcare fraud related to A.H. : Guilty

Count Nine, healthcare fraud related to T.B. : Guilty

Count Ten, aggravated identity theft related to D.B. : Guilty.

Count Eleven, aggravated identity theft related to K.D. : Guilty

Count Twelve, false statements related to healthcare matters, related to C.S. : Guilty

Count Thirteen, false statements related to healthcare matters, related to J.L.: Guilty

Count Fourteen, false statements related to healthcare matters, related to A.B.: Guilty

Count Fifteen, of offering or paying a healthcare kickback on or about April 5, 2021: Guilty

Count Sixteen, of offering or paying a healthcare kickback on or about April 1, 2021: Guilty

Count Seventeen, of money laundering: Guilty.

Defense counsel asked the court to poll the jurors; the court did so, and each juror affirmed the verdict.

The court extended its appreciation to the jurors for their service and excused the jury.

The court stated it would give defense counsel the usual fourteen days to file post-trial motions. The court explained that if counsel needed more time to file motions, he should file a motion for an extension.

The government did not seek remand but asked the court to impose additional conditions of release. The defendant did not object to the additional conditions, but asked the court to allow the defendant to travel to New Orleans without permission (because she'd need to fly out of the New Orleans airport to return to Wisconsin).

The government advised the court that it would be seeking a money judgment of forfeiture.

The court scheduled a sentencing date for **January 20, 2026 at 1:30 P.M. in Room 222**. The probation office will disclose the PSR by December 23, 2025, with objections due by January 6, 2026. Parties must file any sentencing memoranda, letters, medical evaluations, certificates of completion and any other documents they wish the court to consider at sentencing ***no later than seven days before the sentencing hearing (that is, by January 13, 2026)***. (This does not include objections to the presentence investigation report; objections to the presentence report must be filed within fourteen days of the disclosure of the presentence report.) If a party is unable to file such documents seven days prior to the sentencing hearing, that party must file a motion seeking the court's leave to file the document(s) less than seven days before the hearing and stating good cause for why the court should grant the motion. Failure to file such documents at least seven days before sentencing (or to move for leave to file the documents less than seven days before the hearing) may result in the court *sua sponte* adjourning the hearing to a date selected by the court, based on its calendar.

The court **ORDERS** that the defendant may remain out of custody pending sentencing, subject to the conditions that the court will impose by separate order. These conditions include: (1) that the defendant's travel is restricted to the district in which the defendant resides (Middle District of

3

Louisiana), the Eastern District of Louisiana and the Eastern District of Wisconsin; and (2) that the defendant may not make any single expenditure in excess of $1,000 without the approval of her supervising probation officer or the court, with the exception of the defendant's monthly residential rent.

Dated in Milwaukee, Wisconsin this 12th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**